UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

IN RE: FR. PAUL E. CARRIER SJ)No. 2:14-mc-44-JHR


ORDER ON DISCOVERY DISPUTE

In accordance with the terms of my November 12, 2014, order (ECF No. 25), the parties, Father Carrier and the plaintiffs in the underlying Connecticut action with which the subpoena giving rise to this dispute is concerned, have now submitted memoranda and responses addressing the question of whether two documents produced in response to that subpoena are protected by the attorney-client privilege or the work product doctrine. ECF Nos. 26-29. For the reasons that follow, I find that the documents at issue are not protected under either theory.

## I.Background

The plaintiffs begin by contending that this court lacks jurisdiction to resolve this dispute. Connecticut Plaintiffs' Memorandum in Opposition to Motion of Father Carrier to Declare Certain Documents Not Privileged ("Plaintiffs' Memorandum") (ECF No. 26) at 2-5. I have previously granted Father Carrier's motion to compel compliance with the subpoena, which was served on non-party RBC Capital Markets LLC d/b/a RBC Wealth Management (("RBC"). Memorandum Opinion on Motion to Compel and Order on Motion (ECF No. 19). At that time, the plaintiffs claimed that Paul Kendrick, an employee of RBC whose communications from and to his workplace were the subject of the subpoena, was "helping to bridge the large cultural, language and legal differences" between the plaintiffs and Mitchell Garabedian, an attorney. ECF No. 19 at 1. I rejected the claims of attorney-client privilege and work-product protection based on this theory, on the showing made. *Id*. at 2.

The instant dispute concerns two of the documents produced by RBC after I ordered it to comply with the subpoena. Father Carrier takes the position that the two documents are not privileged. Memorandum of Law in Support of Claim that Two Documents at Issue are Not Protected by Privilege ("Carrier Memorandum") (ECF No. 27) at 1.[1] He asserts that these documents "contain correspondence among Mr. Kendrick, . . . radio personality Cyrus Sibert, and Mr. Garabedian concerning one of the . . . plaintiffs." *Id.* He goes on to state that this court has already ruled that the major portions of these documents are not privileged, and identifies as the only portion not already ruled upon an email between Kendrick and Sibert. *Id.* at 2-3.

## II. Discussion

### A. Jurisdiction

The plaintiffs contend that this court was deprived of jurisdiction over this dispute as soon as RBC complied with its order compelling production of the documents sought by the subpoena. Plaintiffs' Memorandum at 2. This is so, they say, because Federal Rule of Civil Procedure 45, the rule pursuant to which they moved for the order to compel RBC's compliance with their subpoena, does not explicitly authorize the court so importuned to "decide issues pertaining to discovery in the underlying action[.]" *Id.*

The plaintiffs cite no authority in support of their position. They claim that, despite the participation of their attorneys during the November 12, 2014, telephone conference, they "did not knowingly consent to jurisdiction in this Court to hear the [instant] issue." *Id.* at 4 n.1. This assertion strains credulity, where no special or limited appearance was made by them at the time. The plaintiffs' contention that this matter should be transferred to the court where the underlying action is pending for the convenience of the parties actually disputing the issue, *id.* at 5, rings

---

[1] This memorandum was filed under seal, but nothing in this order repeats or reveals any confidential information.

similarly hollow. All of the proceedings related to this issue have been conducted by telephone or on the papers. Neither the plaintiffs nor Father Carrier has been inconvenienced. Indeed, the inconvenient alternative would be to transfer this dispute at this late date, requiring another court to become familiar with the issue already well known to this court and requiring the judge in the District of Connecticut to interpret my Memorandum Opinion dated September 26, 2014 (ECF No. 19).

I deny the plaintiffs' jurisdictional challenge.[2]

### B. The Merits

The plaintiffs appear to have abandoned their unsubstantiated claim, raised in connection with the motion to compel, that Kendrick was acting as a translator for them and Garabedian at the time that the documents in question were generated, *see* ECF No. 19 at 1-2, and now contend that Sibert and Kendrick were acting as Garabedian's agents "communicating with the clients with respect to the fee agreement." Plaintiffs' Memorandum at 5-6. They segue from this assertion to an assumption that Sibert and Kendrick were "help[ing] the lawyer give legal advice." *Id*. at 6.

There is no question that such an activity would come within the attorney-client privilege. The question before the court, however, is whether the plaintiffs' assumption that this was the activity in which Sibert and Kendrick were engaged when the documents were generated can bear the weight placed on it by the plaintiff, given the available evidence. *See generally Hayes v. American Inter'l Group*, Civil Action No. 09-2874, 2013 WL 2414005, at *3 (E.D. Pa. June 4,

---

[2] The plaintiffs contend that Father Carrier's "failure" to address their jurisdictional argument in his initial memorandum requires this court to find that he has "waive[d] the issue." Connecticut Plaintiffs' Responding Memorandum in Further Opposition to Motion of Father Carrier to Declare Certain Documents Not Privileged ("Plaintiffs' Reply") (ECF No. 28) at 2. If by this argument they mean that this court must deny the pending motion on the basis of a lack of jurisdiction, they are mistaken. A federal court may consider the question of whether it has jurisdiction over a matter pending before it regardless of the positions on the issue taken by any of the parties involved, or even if one of the parties has not raised the issue. *See, e.g., ELR Care Maine, LLC, v. Progressive Mgt. Sys. LLC*, No. 1:14-cv-00388-GZS, 2014 WL 5599670, at *3 n.3 (D. Me. Nov. 4, 2014).

3

2013) (attorney-client privilege does not protect fee agreements in most circumstances); *Stopka v. American Family Mut. Ins. Co.*, 816 F.Supp.2d 516, 532 (N.D. Ill. 2011) (emails concerning retainer agreement not privileged unless they show that legal advice was sought or given as part of signing the fee agreement).

The plaintiffs assert that "the declaration of Attorney Garabedian establishes that, prior to July 30, 2012, both Mr. Kendrick and Mr. Sibert were acting as agents of Garabedian to assist him in communicating with, and rendering advice to, clients and potential clients" otherwise unidentified. *Id*. at 7. In support, they cite the same declaration from Attorney Garabedian, dated August 21, 2014 (ECF No. 26-2), that they proffered in opposition to the motion to compel compliance with the subpoena (ECF No. 17-1). As I noted at that time: "There is no indication in this case that the communications listed on the two privilege logs were between any of the plaintiffs and Garabedian. Nor does Garabedian's declaration so state." ECF No. 19 at 2.

In his declaration, Garabedian says only that Kendrick "fostered communication between me and Cyrus Sibert an adult . . . trying to help . . . victims obtain remedies for the harm they suffered[;]" that Kendrick and Sibert "helped me understand the lives the victims . . . live[] and how those victims communicated with others[;]" that Kendrick "helped some of my clients effectively communicate with me[;]" that Kendrick and Sibert "helped me effectively communicate with many . . . victims[;]" and that Kendrick "helped me exchange documents with a number of my clients[.]" Declaration of Mitchell Garabedian Pursuant to Local Rule 37 ("Declaration") (ECF No. 26-2) ¶¶ 3-4, 6-7. Notable by its absence from this sworn statement of a lawyer is any assertion that Sibert and Kendrick assisted him in "rendering [legal] advice[] to[] clients and potential clients[.]" Plaintiff's Memorandum at 7. Garabedian does swear that he "explicitly represented Paul Kendrick" from March 12, 2012, until July 30, 2012. Declaration ¶

8. He does not say that Kendrick or Sibert were acting as his agents for any purpose at any relevant time.

Also missing from the plaintiffs' submissions is any suggestion that one or more of them were the "victims" or "potential clients" to whom Garabedian refers. In addition, neither of the two documents, both of which are print-outs of email strings, includes any communication between any parties other than Garabedian, Sibert, and Kendrick. ECF Nos. 27-4 & 27-5. No legal advice is mentioned in either string.

The plaintiffs return to a suggestion made in their earlier opposition to the motion to compel: the fact that the documents at issue are not direct communications between Garabedian and the two individuals named in the documents (who are represented to have been his clients) "does not undermine the privilege" because Garabedian "does not speak Haitian Creole" and the two individuals "speak no English." Plaintiff's Reply at 3-4. The plaintiffs have presented no evidence to support the assertion concerning the ability of the two individuals discussed in the emails to speak English, nor have they presented evidence that either Kendrick or Sibert spoke Haitian Creole, much less that they were serving as translators with respect to the emails at issue. Moreover, the documents do not impart any information that might have been obtained from those two individuals.

### III. Conclusion

I have reviewed the two documents at issue. They are not protected by the attorney-client privilege. The plaintiffs no longer attempt to rely on the work product doctrine. That puts an end to the dispute. The documents at issue, which the plaintiffs contend were inadvertently produced, are not privileged and thus need not be returned. Father Carrier's motion is **GRANTED**.

## *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.*

Dated this 25th day of February, 2015.

                                              /s/ John H. Rich III
                                              John H. Rich III
                                              United States Magistrate Judge